**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| IN RE: | Case No.: 24-12395-PDR |
| Pompano Property Solutions, LLC | Chapter 7 |
| | Judge: Peter D. Russin |
| _____Debtor(s)._____/ | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**COMES NOW** Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Trustee for IOF III Trust 7A, hereinafter referred to as "Movant", seeking modification of the automatic stay in this case in order to exercise any and all rights Movant may have in the collateral described below, or in the alternative, adequate protection, and for cause would show the Court as follows:

1. On March 13 2024, Pompano Property Solutions, LLC (hereinafter referred to as "Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334, 11 U.S.C. §362 and all other applicable rules and statues affecting jurisdiction of the Bankruptcy Courts generally.

3. Carmen Ana Cornelio executed a Note and Mortgage (hereinafter referred to as "Agreement") in the principal amount of $812,500.00, together with interest thereon as set forth therein.

4. Funds were advanced in connection with the aforementioned agreement as purchase money for the following real property (the "Subject Property"):

**ALL THAT CERTAIN PROPERTY LOCATED AT 3405 ROBBINS ROAD,**

**POMPANO BEACH, FLORIDA 33062 AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**

Lot 7, Block 5, HILLSBORO SHORES SECTION A, according to the map or plat thereof, as recorded in Plat Book 21, Page 14, of the Public Records of Broward County, Florida.

5. The Mortgage provides Movant a lien on the Subject Property located in Broward County, Florida.

6. The terms of the aforementioned Agreement entitle Movant to possession of the collateral upon Default. The Movant has declared the Debtor in Default.

7. On July 13, 2023, a foreclosure action was filed in the case WILMINGTON SAVINGS FUND SOCIETY, FSB v. Carmen Ana Cornelio, Case Number CACE23015651 (Broward County Circuit Court), a copy is attached hereto as Exhibit "A".

8. On January 9, 2024, the Circuit Court entered a Final Judgment in Foreclosure. The total amount due on the Final Judgment of Foreclosure was $878,655.29.  A copy of the Final Judgment of Foreclosure is attached as exhibit "B".

9. Debtor has defaulted under the terms of the Agreement for failing to make the payments as required under the Agreement.

10. According to Broward County Property Appraiser, the property value is estimated at $1,007,500.00.

11. Based upon the Debtor's schedules, the property is claimed as non-exempt. The Trustee has not abandoned the property.

12. Movant's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its collateral position and no other form

of adequate protection is provided.

13. If Movant is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

14. Movant requests that all communications sent by Movant in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement or other Loan Workout, may be sent directly to the Debtor.

15. Movant further requests this Court grant it relief from the Automatic Stay in the case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to be provided to the Movant. Movant additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

16. NewRez LLC dba Shellpoint Mortgage Servicing services the underlying mortgage loan and note for the property referenced in this motion for Movant. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note Allonge is endorsed in blank. Movant is the beneficiary or the assignee of the Deed of Trust.

17. Movant will incur court costs in the amount of $199.00 and attorney's fees in the

amount of $950.00 in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage. Movant seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

18. Movant requests that should the Debtor convert this case to another chapter that relief awarded will survive any conversion made by the Debtor and will not be allowed to include the creditor in the Chapter 13 plan.

19. As of October 17, 2024, the unpaid principal balance owed is in the amount of $811,758.70 with additional funds owed by Debtor of $27,107.63. As of October 17, 2024, the total payoff amount is $1,001,766.69.

20. A Proposed Order accompanies this Motion. See Exhibit "C" attached hereto.

WHEREFORE, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed to Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and proper.

**DATED** this the 14th day of November 2024.

                      Respectfully submitted,

                      /S/ Seth J. Greenhill
                      SETH J. GREENHILL, ESQ.
                      Florida Bar # 97938
                      PADGETT LAW GROUP

                                    6267 Old Water Oak Road, Suite 203
                                    Tallahassee, FL 32312
                                    (850) 422-2520 (telephone)
                                    (850) 422-2567 (facsimile)
                                    Seth.Greenhill@padgettlawgroup.com
                                    *Attorney for Creditor*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on this the 14th day of November 2024:

/S/ Seth J. Greenhill
SETH J. GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
Seth.Greenhill@padgettlawgroup.com
*Attorney for Creditor*

**SERVICE LIST (CASE NO.  24-12395-PDR)**

Via First Class U.S. Mail:

*Debtor*
Pompano Property Solutions, LLC
3405 Robbins Rd
Pompano Beach, FL 33062

*Non-filing Borrower*
Carmen Ana Cornelio
3405 Robbins Road
Pompano Beach, Florida 33062

Via ECF

*Attorney for Debtor*
Christina A Fiallo
8000 Governors Square Blvd., Ste. 402
Miami Lakes, FL 33016

*Trustee*
Sonya Salkin Slott
PO Box 15580
Plantation, FL 33318

*U.S. Trustee*
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

**WILMINGTON SAVINGS FUND SOCIETY, FSB Plaintiff vs. Carmen Ana Cornelio, et al Defendant**

**Broward County Case Number:** CACE23015651
**State Reporting Number:** 062023CA015651AXXXCE
**Court Type:** Civil
**Case Type:** Real Prop Homestead Res Fore $250,000 or More
**Incident Date:** N/A
**Filing Date:** 07/13/2023
**Court Location:** Central Courthouse
**Case Status:** Disposed
**Magistrate Id / Name:** N/A
**Judge ID / Name:** Farmer, Gary M.

## Party(ies)

Total: 6

| Party Type | Party Name | Address | Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **Cornelio, Carmen Ana** | | |
| Defendant | **UNKNOWN TENANT #1** | | |
| Defendant | **UNKNOWN TENANT #2**<br><br>Notice of Dropped Party | | |
| Plaintiff | **WILMINGTON SAVINGS FUND SOCIETY, FSB**<br><br>*Trustee*<br>**IOF III TRUST 7A** | | ★ Duggar, Jason L<br>Retained<br>Bar ID: 83813<br>GHIDOTTI/BERGER LLP<br>1031 North Miami Beach Blvd.<br>North Miami Beach, FL 33162<br>**Status: Active** |

| Party Type | Party Name | ❓ Address | 👤 Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **POMPANO PROPERTY SOLUTIONS, LLC** | | ★ Fiallo, Christina A, ESQ.<br>Retained<br>Bar ID: 92376<br>LAW OFFICE OF ALEXANDER E BORELL PA<br>7975 NW 154th St<br>Suite 480<br>Miami Lakes, FL 33016<br>**Status: Active** |
| Defendant | ALL UNKNOWN PARTIES IN POSSESSION W THE ABOVE DEFENDANTS ARE ALIVE AND IF ONE OR MORE OF SAID DEFENDANTS ARE DEAD, THEIR UNKNOWN SPOUSES, HEIRS, DEVISEES, GRANTEES, PERSONAL REPRESENTATIVES, CREDITORS AND ALL PARTIES HAVING OR CLAIMING BY, THROUGH OR AGAINST THEM; AND ALL PARTIES CLAIMING TO HAVE ANY RIGHT, TITLE OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT | | |

## – Disposition(s)    Total: 1

| Date | Statistical Closure(s) |
|---|---|
| 01/09/2024 | Disposed by Default |

| Date | Disposition(s) | View / Pages |
|---|---|---|
| 08/23/2023 | **Notice of Dropping Party(S)**<br>  Comment (UNKNOWN TENANT #2 )<br>Vol./Book 0 , Page 0, 2 pages<br>Instrument Number 119064476 | 📄/2 |
| 01/09/2024 | **Final Judgment of Foreclosure**<br>Vol./Book 0 , Page 0, 4 pages<br>Instrument Number 119327909 | 📄/4 |

## Collection(s)

Total: 0

There is no Collection information available for this case.

## Event(s) & Document(s)

Total: 40

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 03/13/2024 | **Affidavit of Proof of Publication** | | /3 |
| 03/13/2024 | **Suggestion of Bankruptcy** | Petition for Bankruptcy Relief, CASE No.: 24-12395<br>Party: *Defendant* POMPANO PROPERTY SOLUTIONS, LLC | /1 |
| 03/13/2024 | **Suggestion of Bankruptcy** | Bankruptcy Relief, CASE No.: 24-12,39S<br>Party: *Defendant* POMPANO PROPERTY SOLUTIONS, LLC | /1 |
| 02/15/2024 | **Notice of Sale - Issued by Attorney** | | /3 |
| 02/08/2024 | **Ord Canceling/Rescheduling Clerk's Fclsre Sale** | | /2 |
| 02/06/2024 | **Notice of Filing** | | /2 |
| 01/30/2024 | **Notice of Hearing** | | /1 |
| 01/29/2024 | **Proof of Publication** | | /3 |
| 01/29/2024 | **Memorandum in Opposition** | | /3 |
| 01/26/2024 | **Motion to Cancel & Reschedule Foreclosure Sale** | SCHEDULED ON FEBRUARY 13, 2024 | /24 |
| 01/26/2024 | **Notice of Appearance** | NOTICE OF APPEARANCE<br>Party: *Defendant* POMPANO PROPERTY SOLUTIONS, LLC | /1 |

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 01/24/2024 | **Comment:** | File created and Original Note and Mortgage documents placed in the file | |
| 01/17/2024 | **Certificate of Mailing** | FINAL JUDGMENT IN FORECLOSURE<br>Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /7 |
| 01/17/2024 | **Notice of Sale - Issued by Attorney** | | /3 |
| 12/28/2023 | **Not of Filing Original Note & Mortgage** | Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /36 |
| 12/27/2023 | **Notice of Filing** | | /34 |
| 11/14/2023 | **Notice of Hearing** | | /3 |
| 10/26/2023 | **Motion for Summary Final Judgment** | Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /24 |
| 10/26/2023 | **Affidavit of Attorney Fees** | Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /2 |
| 10/26/2023 | **Affidavit of Attorney Fees** | Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /1 |
| 10/04/2023 | **Certificate of Mailing** | ORDER ON MOTION TO ENFORCE ASSIGNMENT OF RENTS<br>Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /5 |
| 09/28/2023 | **Order Granting** | MOTION TO ENFORCE ASSIGNMENT OF RENTS | /2 |
| 09/18/2023 | **Notice of Hearing** | | /3 |

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 09/13/2023 | **Motion for Default & Default** | Party: *Defendant* Cornelio, Carmen Ana *Defendant* UNKNOWN TENANT #1 *Defendant* POMPANO PROPERTY SOLUTIONS, LLC | /7 |
| 09/13/2023 | **Non-Military Affidavit** | | /3 |
| 09/13/2023 | **Non-Military Affidavit** | | /5 |
| 08/22/2023 | **Summons Returned Unserved** | UNKNOWN TENANT #2 Party: *Defendant* UNKNOWN TENANT #1 | /4 |
| 08/22/2023 | **Summons Returned Served** | 8/22/2023 Party: *Defendant* POMPANO PROPERTY SOLUTIONS, LLC | /4 |
| 08/14/2023 | **Summons Returned Served** | 8/12/2023 Party: *Defendant* Cornelio, Carmen Ana | /4 |
| 08/09/2023 | **Summons Returned Served** | 8/8/23 N/K/A John Tironi Party: *Defendant* UNKNOWN TENANT #1 | /4 |
| 07/27/2023 | **eSummons Issuance** | Party: *Defendant* Cornelio, Carmen Ana | /3 |
| 07/27/2023 | **eSummons Issuance** | Party: *Defendant* POMPANO PROPERTY SOLUTIONS, LLC | /3 |
| 07/27/2023 | **eSummons Issuance** | Party: *Defendant* UNKNOWN TENANT #1 | /3 |
| 07/27/2023 | **eSummons Issuance** | Party: *Defendant* UNKNOWN TENANT #2 | /3 |
| 07/20/2023 | **Motion** | | /4 |

| Date | Description | Additional Text | View / Pages |
|---|---|---|---|
| 07/13/2023 | **Per AOSC20-23 Amd12, Case is determined Streamlined** | | |
| 07/13/2023 | **Civil Cover Sheet** | Amount: $100,001.00 | /3 |
| 07/13/2023 | **Certificate** | CERTIFICATION OF PHYSICAL POSSESSION OF ORIGINAL PROMISSORY NOTE<br>Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /10 |
| 07/13/2023 | **Notice of Lis Pendens** | | /2 |
| 07/13/2023 | **Complaint (eFiled)** | VERIFIED<br>Party: *Plaintiff* WILMINGTON SAVINGS FUND SOCIETY, FSB | /47 |

## − Hearing(s)   Total: 2

| Date | Description | Additional Text |
|---|---|---|
| 03/14/2024 | **Foreclosure Sale** | *CANCELED  Suggestion of Bankruptcy*<br>Hearing Time: 10:00 AM<br>Judicial Officer(s):Not Applicable, ,<br>Location: On-line @ www.broward.realforeclose.com |
| 02/13/2024 | **Foreclosure Sale** | *CANCELED  Per Order*<br>Hearing Time: 10:00 AM<br>Judicial Officer(s):Not Applicable, ,<br>Location: On-line @ www.broward.realforeclose.com |

## − Related Case(s)   Total: 0

**There is no related case information available for this case.**

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. **CACE23015651**   DIVISION: **11**   JUDGE: **Garcia-Wood, Marina (11)**

**WILMINGTON SAVINGS FUND SOCIETY, FSB**

Plaintiff(s) / Petitioner(s)

v.

**Carmen Ana Cornelio, et al**

Defendant(s) / Respondent(s)

_____/

## FINAL JUDGMENT IN FORECLOSURE

   **THIS ACTION** was heard before the Court on January 8, 2024, at 10:30 a.m., on Plaintiff, **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR IOF III TRUST 7A 's** Motion for Summary Final Judgment in Foreclosure where all parties were present. On the evidence presented, **IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Final Judgment in Foreclosure is GRANTED against all Defendants listed by name: POMPANO PROPERTY SOLUTIONS, LLC, A FLORIDA LIMITED LIABILTY COMPANY; CARMEN ANA CORNELIO; UNKNOWN TENANT #1 N/K/A JOHN TIRONI.

   1. The Plaintiff is due the following amount:

| | |
|---|---:|
| Principal due on the note secured by the mortgage foreclosed: | $812,130.87 |
| Interest on the note and mortgage from 03/01/2023-10/12/2023 | $49,125.90 |
| Per Diem Interest @219.00 from 10/13/2023-01/08/2024 | $19,272.00 |
| Escrow Balance at Loan Transfer | $(6,086.47) |
| Insurance | $8,970.84 |
| Property Inspection | $63.00 |
| Title Cost | $250.00 |
| Credits | $(2,028.82) |
| Unapplied Balance | $(9,084.15) |

Case Number: CACE23015651

Attorney's Fees
$3,368.00
Attorney's Costs
$2,674.12

**TOTAL SUM**
**$878,655.29**

2. **Interest**. The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 9.09% a year.

3. Plaintiff, **WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR IOF III TRUST 7A,** whose address c/o Ghidotti Berger, LLP 1031 North Miami Beach Blvd, North Miami Beach, FL 33162, holds a lien for the grand total sum specified in paragraph 1 herein. The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the defendants, POMPANO PROPERTY SOLUTIONS, LLC, A FLORIDA LIMITED LIABILTY COMPANY; CARMEN ANA CORNELIO; UNKNOWN TENANT #1 N/K/A JOHN TIRONI., and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The Plaintiffs Lien encumbers the following described property in Broward County, Florida:

**LOT 7, BLOCK 5, HILLSBORO SHORES SECTION A, ACCORDING TO THE MAP OR PLAT THEREOF, AS RECORDED IN PLAT BOOK 21, PAGE 14, OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA.**

**Street Address:**        **3405 ROBBINS ROAD, POMPANO BEACH, FL 33062**

4.    If the grand total amount with interest at the rate described in Paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on **February, 13 2024** , at 10:00 A.M. to the highest bidder for cash, in accordance with section 45.031, Florida Statutes, by electronic sale at https://www.broward.realforeclose.com after having first given notice as required by Section 45.031, Florida Statutes.

5.    Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

6.    If Plaintiff incurs additional expenses subsequent to the entry of this final judgment but prior to the sale date specified in paragraph 5 herein, Plaintiff may, by written motion serve on all

Case Number: CACE23015651

parties, seek to amend this final judgment to include said additional expenses.

      7.      On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

      8.      Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the "Protecting Tenants at Foreclosure Act of 2009."

      9.      The Court retains subject matter jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession. In particular, the Court retains subject matter jurisdiction to allow a supplemental post-judgment proceeding to re-foreclose against an omitted party and to resolve the issues discussed in paragraph four (4).

      10.      Attorneys' Fees. The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

      11.      The Plaintiff may assign the judgment and credit bid by the filing of an assignment without further order of the court.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IN ANY, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS UNCLAIMED. IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH**

Case Number: CACE23015651

THE BROWARD COUNTY CLERK OF COURTS 201 S.E. 6TH STREET, FORT LAUDERDALE, FL 33301 (TELEPHONE: (954-831-6565), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION.  IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SERVICE OF BROWARD COUNTY (491 N. STATE ROAD 7, PLANTATION, FL 33317 / 954-765-8950) TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES.  IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE LEGAL AID SERVICE OF BROWARD COUNTY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

**DONE AND ORDERED** in Chambers at Broward County, Florida on <u>8th day of January, 2024</u>.

<u>CACE23015651 01-08-2024 11:40 PM</u>
Hon. Marina Garcia-Wood
**CIRCUIT COURT JUDGE**
Electronically Signed by Marina Garcia-Wood

**Copies Furnished To:**
Jason Duggar , E-mail : ycobas@ghidottiberger.com
Jason Duggar , E-mail : fcpleadings@ghidottiberger.com
Jason Duggar , E-mail : jduggar@ghidottiberger.com

Exhibit C    Case 24-12395-PDR    Doc 61    Filed 11/14/24    Page 18 of 19

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

IN RE:                                                                             Case No.: 24-12395-PDR

Pompano Property Solutions, LLC                              Chapter 7

_____Debtor(s)._____/

**ORDER GRANTING MOTION FOR**
**RELIEF FROM AUTOMATIC STAY**

       This case came before the Court upon the Motion for Relief from Automatic Stay [D.E. ] filed by Creditor, Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Trustee for IOF III Trust 7A, hereinafter referred to as "Movant" and the movant by submitting this form of order having represented that the motion was served on all parties required by Local Rule 4001-1, that the 14-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that [either] the form of order was attached as an exhibit to the motion [or] the relief to be granted in this order is the identical relief requested in the motion.. The Court, having considered said Motion. Accordingly, it is

ORDERED:

1. The Motion for Relief from the Automatic Stay is GRANTED.

2. The automatic stay imposed by 11 U.S.C. §362 is lifted as to Movant, and it may proceed with foreclosure of its security interest upon the following property:

   **ALL THAT CERTAIN PROPERTY LOCATED AT 3405 ROBBINS ROAD, POMPANO BEACH, FLORIDA 33062.**

3. Attorney fees in the amount of $750.00 and Attorney Costs in the amount of $199.00 are recoverable

4. This order is entered for the sole purpose of allowing Movant to obtain an *in rem judgment* against the property and Movant shall not seek an in personam judgment against the Debtor.

###

Order Prepared By:
Seth Greenhill, Esq.
Padgett Law Group
6267 Old Water Oak Rd., Ste. 203
Tallahassee, FL 32312
Seth.Greenhill@padgettlawgroup.com

**Attorney Seth Greenhill is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.**